UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA,**

      v.                                                                                 **CR NO. 08-197 (JMF)**

**JAMES MATHEWS,**

      **Defendant.**

## DETENTION MEMORANDUM

This matter comes before me upon the application of the United States that the defendant be detained pending trial. After a hearing, the government's motion was granted, and this memorandum is submitted to comply with the statutory obligation that "the judicial officer shall—include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

### FINDINGS OF FACT

1. On March 20, 2008, Deputy United States Marshals were participating in an eviction at 1600 Frankford Street, S.E., when one of the deputies saw the defendant and realized that the defendant had a gun in his pocket.

2. The defendant ran and the deputies gave chase. A citizen said that the defendant ran into 1625 Morris Road, S.E., and asked the citizen to hide him.

3. The deputies found the defendant on the second landing but did not find the gun on the defendant's person. They later discussed the gun hidden Instead, there was a nearby doormat with a bulge and they discovered that the bulge was a gun.

### REASONS FOR DETENTION

## Eligibility

The government seeks the defendant's pre-trial detention pursuant to 18 U.S.C. § 3142(f)(1)(A) which authorizes the pre-trial detention of a defendant who, like this defendant, is charged with a crime of violence. Since the defendant is charged with possession of a firearm by a felon, he qualifies for detention.

## Pertinent Factors

In determining whether there are conditions of release which will reasonably assure the appearance of the defendant in court as required and the safety of the community the court is to consider:

1. The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2. The weight of the evidence;

3. The history and characteristics of the person, including

    a. His character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties;

    b. Past conduct, history relating to drug or alcohol abuse;

    c. Criminal history;

    d. Record concerning appearance at court proceedings;

    e. Whether, at the time of the current offense or arrest, the person was on probation, parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law.

18 U.S.C. § 3142.

## Analysis

An analysis of these factors compels the conclusion that the defendant should be detained.

**The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.** Congress has now denominated possession of a firearm by a felon as a crime of violence.

**Defendant's character, physical and mental condition, family ties, employment, financial resources, and length of residence in the community.** Defendant has lived in the District of Columbia all of his life.

**The weight of the evidence**. The weight of the evidence is substantial since the Deputy U. S. Marshal saw the gun in the defendant's pocket, the defendant ran from the officer and the gun was later found a foot or two from where the defendant was standing when they found him.

**History relating to drug or alcohol abuse**. There is no information as to this factor.

**Record concerning appearance at court proceedings and prior criminal record and whether on probation or parole at the time of the present offense.** Defendant was on parole when arrested. In fact, he had been out of jail for five months before he absconded from supervision. A parole warrant has been lodged as a detainer. He has several convictions for violent crimes such as armed robbery or robbery and several drug convictions.

## CONCLUSION

Against a strong government case and a terrible and violent criminal record, defendant offers his residence and that his convictions are "old." Old or not, they are emblematic of his character as a recidivist. He has absconded from parole when arrested, indicating his contempt for judicially-imposed conditions of release. I therefore conclude that there are no conditions I could set that would reasonably assure this defendant's appearance or that he would not commit new crimes if released and that he should be detained pending trial.

                                                    \_\_\_\_/S/_____
                                                    JOHN M. FACCIOLA
                                                    UNITED STATES MAGISTRATE JUDGE

Dated: April 2, 2008